UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN, TEXAS

| | |
|---|---|
| GUADALUPE GARZA ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | |
| JOHN KERRY            , ) | |
| United States Secretary of State, ) | |
| ) | **Case No.** |
| Serve at: ) | |
| United States Department of State ) | **COMPLAINT** |
| 2201 C Street NW ) | |
| Washington, D.C. 20520 ) | |
| ) | |
| WILFREDO GARCIA, ) | |
| Supervisor ) | |
| United States Homeland Security, ) | |
| ) | |
| Serve at: ) | |
| U.S. Immigration and Customs Enforcement ) | |
| McAllen-Miller International Airport ) | |
| 2500 South Bicentennial Street ) | |
| McAllen, Texas 78503 ) | |
| ) | |
| JULIO TRUJILLO ) | |
| Customs Border Patrol Officer ) | |
| ) | |
| Serve at: ) | |
| U.S. Immigration and Customs Enforcement ) | |
| McAllen-Miller International Airport ) | |
| 2500 South Bicentennial Street ) | |
| McAllen, Texas 78503 ) | |
| ) | |
| ENRIQUE M. LUCERO ) | |
| Field Office Director of Enforcement ) | |
| and Removal Operations ) | |
| ) | |
| Serve at: ) | |
| Department of Homeland Security ) | |
| 1777 NE Loop 410, Suite 1300 ) | |
| San Antonio, Texas 78217 ) | |
| ) | |
| Jonathan M. Rubino ) | |
| Director, Legal Affairs )2 | |
| ) | |
| JEH CHARLES JOHNSON, ) | |
| Secretary, ) | |

1

|  |  |
|---|---|
| Serve at: | ) |
| Department of Homeland Security | ) |
| 12th & C Street NW | ) |
| Washington, D.C. 20 | ) |
|  | ) |
| Respondents. | ) |

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

_____

### INTRODUCTION

GUADALUPE GARZA ("Petitioner") by and through undersigned counsel, respectfully petitions this Court with a Complaint for Declaratory and Injunctive Relief to review the lawfulness of the revocation of his United States Passport by Respondents. Respondents' continued denial of Mr. Garza's United States Passport is unlawful because it is in violation of Mr. Garza's due process rights under the United States Constitution.

Mr. Guadalupe Garza is a citizen and resident of the United States of North America who had a United States Passport which was revoked and seized at the port of entry by Respondents' agents. Respondents relied upon an alleged interview held in Monterrey, Nuevo Leon, Mexico on or about March 12, 1974 to revoke and seize Mr. Garza's United States Passport.

Respondents completely and callously disregarded any attempt or effort by Mr. Garza to clarify, refute or defend himself against allegations that Respondents used to confiscate his United States Passport.

### JURISDICTION

Jurisdiction for this action lies with the United States Federal District Court pursuant to 8 U.S.C. §1503, which states in pertinent part:

> *(a) Proceedings for declaration of United States nationality*
>
> *If any person who is within the United States claims a right or privilege as a national of the United States and is denied such a right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States*

> *(1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or*
>
> *(2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.*

On or about the 9th October 2011, Guadalupe Garza was returning to the United States with his family at the United States, Hidalgo, Texas, port of entry, when the United States Passport issued to him was confiscated by the Defendants or its agents. Defendants' agents challenged whether Mr. Garza was born in the United States. The action before the Court is being brought within five (5) years of the seizure of Complainant's United States Passport.

## VENUE

Venue is properly with this Court pursuant to 18 U.S. § 1391(e) because Respondents are employees or officers of the United States or under contract with the United States, acting in their official capacity, and an agency of the United States, and Petitioner's Passport is under their control; because Petitioner is a resident of this District; because a substantial part of the events or omission giving rise to the claims occurred in this District.

Plaintiff resides in Edinburg, Texas, which is within the United States Federal District Court of South Texas. The seizure of Plaintiff's United States Passport and his subsequent arrest and interrogation by Defendants took place in Mission, Texas, on or about the 9th October 2011.

## PARTIES

1. Mr. Guadalupe Garza, Petitioner, is a native of the United States of North America. Additionally, Petitioner has immigrated his wife. Their children are United States-born citizens. They have, on a regular basis, crossed back and forth between Mexico and the United States to visit family and shop. Respondents seized Petitioner's United States Passport at a point of entry into the United States. .

2. Respondent, John Kerry, is the Secretary of State, who is ultimately responsible for the policies and practices of the Department of State. The Department of State is the purveyor of visas and passports. Under his administration consular officials and the corresponding border officials have taken a harsher anti-attorney attitude that prohibits applicants from having attorneys present to assist in the paper work required in the immigration process. Border officials, especially, have taken on a harsher and more hostile attitude and abusive demeanor toward applicants whenever they have an attorney with them.

3

3. Respondent Jonathan M. Rolbino was the Director of Legal Affairs and Law Enforcement Liaison at the Department of State who denied Mr. Garza his United States passport and thereafter refused to respond to present counsel's letters requesting an opportunity for Mr. Garza to defend himself against the charges and allegations Respondents made against him.

4. Respondent, Jeh Charles Johnson, is the Secretary of Department of Homeland Security. Under his direction the Department of Homeland Security's massive bureaucracy has facilitated the obfuscation of responsibility and therefore accountability among its many departments, divisions, and bureaus. ICE and Border Patrol agents operate with impunity and then hide behind which agency is responsible or has jurisdiction of which action or allegation. The increasingly militarized rules of engagement have resulted in more abuses and violations of human rights, due process and the basic rules of law and regulations. Increasingly, the Department personnel in the field have adopted attitudes of enforcing their individual judgment without regard to rules, regulations, laws or the Constitution of the United States.

5. Respondent, Loretta E. Lynch., is the Attorney General of the United States. Under her tenure and guidance, the Department of Justice has increased the round ups that separate families and has imposed the expedited deportation of persons without regard to whether they have a basis to adjust their status in the United States. The "Fast and Furious" policies of the Attorney General put highly sophisticated automatic weapons in the hands of the drug cartels to "explore" where the weapons ended up. The collateral damage to Mexican individuals, families and communities were of no regard to the current administration of the Department of Justice. Through the disregard for due process and the rules and regulations of law they judge individuals whose subsequent actions are criminalized based on unsubstantiated and illegal actions by Respondents.

## STATEMENT OF FACTS

**6.** On or about March 12, 1974, the United States Consulate in Monterrey, Nuevo Leon, Mexico allegedly held an interview with Mr. Abel Garza and Mrs. Eva Balderas, parents of the Petitioner for allegedly having made a false declaration of birth in violation of INA, Section 212(a)(6)(E), which is "the inducement, encouragement, incitement or assistance of another person to enter the United State through fraudulent means."

7. On or about October 9, 2011, Mr. Garza and his family were detained and interrogated Thirty-seven (37) years after the alleged interview. The interview allegedly too place when Mr. Garza, the Petitioner, was seven (7) years old. Respondents permitted the Garza family to continue with their lives for thirty-seven (37) years, until Petitioner was forty-four (44) years old and he had his family with him.

8. Mr. Garza was arrested and treated like a criminal in front of his wife and two of his sons, who are United States citizens, and the public to his humiliation and public shame.

9.    On or about October 9, 2011, Mr. Garza was interrogated at the Respondents' facility in Mission, Texas.  At the age of forty-four (44), Mr. Garza was required to account for his parents' activities when he was seven (7) years old and they were allegedly in Monterrey, Nuevo Leon, Mexico, a foreign country.

10.    On or about November 7, 2011, Mr. Garza was given a Notice to Appear for Removal Proceedings at some future date.  Four (4) years later, that "future date" has not arrived and Mr. Garza have been placed in limbo by Respondents who cannot make up their minds whether they have a case or not.

11.    Mr. Garza was charged with nine counts of violation of the Immigration Laws and was never been given an opportunity to refute the charges, nor to defend himself, contrary to due process of law and violations of his Constitutional rights.

12.    Mr. Garza was charged with being "an arriving alien," when in truth and, in fact, he was and is a United States citizen born in Donna, Texas.

13.    Mr. Garza was charged with not being a United States citizen when the allegation is a lie.

14.    Mr. Garza was <u>told</u>, without being shown or proven, that his mother made a statement when Mr. Garza was seven (7) years old that he was not born in Donna, Texas.

15.    Mr. Garza was charged with being a "Mexican National," when in truth and in fact, there is no record of his having been born in China, Nuevo Leon, Mexico, and the Respondents knew that in 2011.

16.    Mr. Garza was accused of presenting a United States Passport with his name and date of birth for the purpose of returning, with his family, to their home in Edinburg, Texas, and that is the only statement that was true.

17.    Mr. Garza was charged under INA Section 212(a)(6)(C)(i), with fraudulently or willfully misrepresenting facts to obtain a United States Passport, The condemnation was never proven, nor was Mr. Garza ever given an opportunity to disprove the lie, but the onerous burdens of the allegations have been place upon the Garza family for the past four years.

18.    Mr. Garza was also charged under INA Section 212(a)(6)(C)(ii) for having falsely represented that he was a United States citizen,

19.    Then out of sheer mendacity, Mr. Garza was charged under Section 274(a) for unlawfully employing aliens when during the interview, Mr. Garza stated that he, himself, was unemployed at the time.

20.    Guadalupe Garza references and incorporates the attached Affidavit in support of this complaint against the Defendants.

CAUSES OF ACTION
COUNT ONE
(SUBSTANTIVE DUE PROCESS)

21.  The allegations contained in paragraphs 1-20 above are repeated and re-alleged as if though fully set forth herein.

22.  The Due Process Clause of the Fifth Amendment "…embodies a system of rights based on moral principles so deeply imbedded in the traditions and feelings of our people as to be deemed fundamental to a civilized society as conceived by our whole history.  Due Process is that which comports with the deepest notions of what is fair and right and just."  U.S. Const., amend V;  *Solesbee v. Balkcom*, 339 U.S. 9, 16 (1950)  Due Process is violated if a practice or rule "offends some principle of justice so rooted in the traditions and conscience of our peoples as to be ranked as fundamental." *Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934).  Due Process sought in this Court action is a long-standing tradition developed over many decades of examination and application in a multiplicity of conditions and circumstances.  "It is manifest that it was not left to the legislative power to enact any process which might be devised.  The article is a restraint on the legislative as well as on the executive and judicial powers of the government, and cannot be so construed as to leave congress free to make any process 'due process of law' by its mere will."  *Murray's Lessee v. Hoboken Land and Improvement Co*. 59 U.S. (18 How.) 272, 276 (1856).

**PROCEDURAL DUE PROCESS**

23.  The allegations contained in paragraphs 1-22 are repeated and re-alleged as if though fully set forth herein.

24.  Starting with the history of the development of definition, and application of Due Process of law in the judicial system, which is "based on moral principles so deeply imbedded in the traditions and feelings of our people as to be deemed fundamental to a civilized society as conceived by our whole history," Id. the power and the authority to govern is based upon a Constitution, upon precedent of law, upon statute and upon rules, regulation and procedures.  The right to govern and rule does not emanate from "discretion" of officials from the executive branch of the tripartite structure of government.  That is why the preceding citation of *The United States Department of State Foreign Affairs Manual Volume 9, Procedural Notes* (10/21/2008) was used to present the criteria and the procedures to follow in the revocation of visas.  The issuance and the revocation of visas is based upon and ruled by criteria, procedures and evidence.  They are not based upon the capriciousness, the bias, or the preference of

25.  Respondents contend that the revocation and the procedures selected by them are their *"discretion"* and under that rubric, they take on the entire structures of governance.  They are the accusers, the judges, the juries and the executioners of their *"discretion"*.  They contend that they are above judicial review and that they do not have to account to anyone, for anything done to anyone.  If, in fact, this nation is to be a democracy and continue to be one, the governance has

6

to be transparent, including the treatment of non-European immigrants born in the United States, If Respondents do not want Mexicans to be born or to live in the United States and they make it impossible for Mexicans born in the United States to register their children, what is it that Respondents intend or desire?

## IRREPARABLE INJURY

26. The allegations contained in paragraphs 1-25 are repeated and re-alleged as if though fully set forth herein.

27. Mr. Garza and his family are suffering and will continue to suffer irreparable injury because of Respondents' refusal to provide to Mr. Garza the substance or the basis of their allegations against him that disqualify him from being a United States citizen born in Donna, Texas.

28. There has been no neutral magisterial officer or body who has offered Mr. Garza an opportunity to refute the negative allegations made against him and his family's rights, interests and peace of mind.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. The allegations contained in paragraphs 1-28 are repeated and re-alleged as if though fully set forth herein.

30. Mr. Garza showed up for all the interviews set by Respondents.

31. Mr. Garza has waited for four years in a state of limbo as to his rights and those of his family.

32. Respondents issued a pretextual Notice to Appear and have not done anything to process the case or move it forward.  The pretext imposed by Respondents was to provide Mr. Garza with a Notice to Appear and then failing for over three (3) years to do anything about it.

33. Respondents' pretext  prohibits Mr. Garza from seeking any other relief and live in a state of limbo as to his citizenship and that of his family.

34. Finally, in an effort to have Respondents move forward or to withdraw their allegations, two letters were written and sent to the Secretary of State, registered mail, return receipt requested.  The Department of State has refused to respond to the queries made on behalf of the Garza family.

35. Mr. Garza has exhausted his administrative remedies to the extent required by law, and the only remedy available to him is by this judicial action.

## EQUAL ACCESS TO JUSTICE ACT

**36.** The allegations contained in paragraphs 1-35 are repeated and re-alleged as if though fully set forth herein.

37. If he prevails, Mr. Garza will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Garza prays that this Honorable Court grant the following relief:

A. Assume jurisdiction over this matter;

B. Issue an Order to Show Cause why Mr. Garza should not be given an opportunity to defend himself against the false allegations made against him and his family;

C. Issue a declaratory judgment stating that Mr. Garza is eligible to be issued a United States Passport and that the Respondents' interpretation and application of the Immigration and Nationality Act is arbitrary and capricious and violates the Due Process Clause of the United States Constitution, and stating further that Mr. Garza is entitled to an individualized hearing before a neutral judge;

D. Issue a declaratory judgment stating that Mr. Garza is entitled to the protections of the Due Process Clause of the United States Constitution;

E. Direct Respondents to immediately prove their allegations against Mr. Garza or withdraw their disqualifying lies against him and his family.

F. Grant attorneys' fees and costs of Court to Mr. Garza under the Equal Access to Justice Act ("EAJA"); and

G. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 8th day of December 2015

\_\_/S/ NARCISO L. ALEMAN_____
NARCISO L. ALEMAN
Attorney in Charge for Petitioner
Wisconsin State Bar Number:                              1013030
South Texas Federal District Court Bar Number:   1533928
CASA LAS AMERICAS IMMIGRATION SOLUTIONS, LLC
216 East Interstate 2, Suite H
Pharr, Texas 78577-5305
(956) 787-1263
(956) 787-1352
alemannarciso@yahoo.com

# **VERIFICATION**

I, GUADALUPE GARZA, declare under penalty of perjury in accordance with 28 U.S.C. § 1746 as follows:

1. I am a plaintiff-petitioner in this matter and I am personally familiar with the facts of my case.

2. The allegations contained in the foregoing Complaint for Declaratory and Injunctive Relief have been translated to me from English to Spanish and to the best of my knowledge those allegations are true based upon my own personal knowledge, information and belief.

Executed on this   3rd   day of __December__ 2015.


__/S/  GUADALUPE GARZA___
GUADALUPE GARZA




NARCISO L. ALEMAN
Chief Attorney in Charge for Petitioner
Wisconsin Bar Number:                               1013030
South Texas District Court Bar Number:     1533928
CASA LAS AMERICAS IMMIGRATION SOLUTIONS
1536 South Cage Boulevard, Suite 5
Pharr, Texas 78577-6348
(956) 787-1263
(956) 787-1352
alemannarciso@yahoo.com